Amy Bennecoff (AB0891)
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

DENISE PRONEL,                          :
                                        :
    Plaintiff                   :
                                        :
    vs.                         :         Civil Action No.
                                        :
FINANCIAL RECOVERY                      :
SERVICES, INC.,                         :
                                        :
    Defendant                   :

## COMPLAINT

NOW COMES the Plaintiff, DENISE PRONEL, and her attorneys, KIMMEL & SILVERMAN, P.C., and for her Complaint against Defendant, FINANCIAL RECOVERY SERVICES, INC., Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

- 1 -

PLAINTIFF'S COMPLAINT

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

2.      Defendant conducts business in the State of New Jersey, and therefore, personal jurisdiction is established.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## PARTIES

5.      Plaintiff is an adult individual who resides in Bayville, New Jersey.

6.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed to another.

8.      Defendant is a corporation with its principal place of business at 4900 Viking Drive in Edina, Minnesota, 55435.

- 2 -

PLAINTIFF'S COMPLAINT

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

10.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.  See 15 U.S.C. § 1692 *et seq.*  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection

of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13.  Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively

- 4 -

1
2
disadvantaged, and to promote consistent State action to protect consumers against
3
debt collection abuses." 15 U.S.C. § 1692e.
4

5
## FACTUAL ALLEGATIONS

6
7
14.     At all pertinent times hereto, Defendant was allegedly hired to collect
8
a debt relating to a credit card.

9
15.     The alleged debt at issue arose out of transactions that were primarily
10
for personal, family or household, purposes.

11
12
16.     On September 25, 2009, Defendant sent correspondence to Plaintiff in
13
an attempt to collect an alleged debt.   See Exhibit A, the September 25, 2009,
14
correspondence.

15
16
17.     Defendant's correspondence was confusing to Plaintiff as it did not
17
clearly identify the original creditor and listed the names of three debt collection
18
agencies as having an interest in the alleged debt.   See Exhibit A, the September
19
25, 2009, correspondence.

20
18.     Further, Defendant threats that the "account is seriously past due and
21
must be paid in full or we will proceed with appropriate collection efforts,"
22
23
overshadowed the notice of Plaintiff's rights to dispute the debt and/or request
24
verification of the debt.   See Exhibit A, the September 25, 2009, correspondence.

25

19.     Also, on or around September 25, 2009, Defendant began constantly and continuously calling Plaintiff seeking and demanding payment for an alleged debt.

20.     Defendant called Plaintiff's home, cellular and work telephone numbers.

21.     Defendant contacted Plaintiff at least once or twice a day on September 25, 2009, September 29, 2009, September 30, 2009, and October 1, 2009.

22.     Also, Defendant began contacting Plaintiff's neighbors, including Debra Corvalin, thereby embarrassing and humiliating Plaintiff.

23.     In an effort to get the phone calls to stop, on October 1, 2009, Plaintiff informed Defendant that she was considering claiming bankruptcy and told Defendant to stop calling her.

24.     Defendant, however, ignored Plaintiff's instructions and continued calling her once or twice a day from October 2, 2009, to October 12, 2009.

25.     Then, on October 13, 2009, when Defendant contacted her, Plaintiff again instructed Defendant to stop contacting her.

26.     Defendant yet again ignored Plaintiff's instructions and contacted her on October 19, 2009, at 9:11 p.m.

PLAINTIFF'S COMPLAINT

27.   For the third time, Defendant instructed Defendant to cease contacting her.

28.   Then, on October 20, 2009, Defendant, through its representative Roy Kimal ("Kimal"), contacted Plaintiff.

29.   Kimal threatened Plaintiff "he can call whoever he wants because [she] was hanging up on people and he is going to do whatever he has to [in order] to collect this debt."

30.   Kimal misled Plaintiff into believing he had all of her neighbors' phone numbers.

31.   Kimal told Plaintiff that she has "to pay this debt."

32.   When Plaintiff told Kimal that he did not have the right to treat people the way he was treating her, Kimal stated, "It's my job."

33.   Plaintiff asked for the name of his supervisor as well as for the address where Defendant was located, but Kimal refused to provide that information to her.

34.   Plaintiff terminated the call with Kimal; thereafter, Plaintiff called Defendant and spoke with George Cortava.

35.   On October 21, 2009, Plaintiff sent correspondence to Defendant demanding that Defendant cease and desist contacting her.   See Exhibit B, the October 21, 2009, Letter from Plaintiff to Defendant.

PLAINTIFF'S COMPLAINT

**CONSTRUCTION OF APPLICABLE LAW**

36.     The FDCPA is a strict liability statute.  <u>Taylor v. Perrin, Landry,</u> <u>deLaunay & Durand,</u> 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  <u>Russell v. Equifax A.R.S.,</u> 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.,</u> 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson,</u> 988 F. 2d 1314 (2d Cir. 1993).

37.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  <u>Sprinkle v. SB&C Ltd.,</u> 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  <u>Clark v. Capital Credit & Collection Services, Inc.,</u> 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  <u>Johnson v. Riddle,</u> 305 F. 3d 1107 (10th Cir. 2002).

38.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  <u>See Jeter v. Credit Bureau, Inc.,</u> 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison,</u> 950 F. 2d 107 (3d Cir. 1991); <u>Swanson v.</u> <u>Southern Oregon Credit Service, Inc.,</u> 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I

39.   Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a.  Communicating with Plaintiff in connection with the collection of a debt at a time and a place known or which should be known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1);

    b.  Communicating in connection with a debt with any person other than Plaintiff, in violation of 15 U.S.C. § 1692c(b);

    c.  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

PLAINTIFF'S COMPLAINT

d.  Causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number, in violation of 15 U.S.C. § 1692d(5);

e.  Using false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

f.  Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10);

g.  Using unfair and unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

h.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

40.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

PLAINTIFF'S COMPLAINT

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, DENISE PRONEL, respectfully prays for a judgment as follows:

a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

- 11 -

PLAINTIFF'S COMPLAINT

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: March 5, 2010               KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Attorney ID #  AB0891
    Kimmel & Silverman, P.C.
    1930 E. Marlton Pike, Suite Q29
    Cherry Hill, NJ 08003
    Phone: (856) 429-8334
    Fax: (856) 216-7344
    Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT